## HORACE R. KIPP *et al.*

*v.*

## JACOB McCHESNEY.

1. EXTINGUISHMENT OR PAYMENT, *by operation of law—purchase of firm note by a partner.* Where the note of an unincorporated company was by the payee indorsed to one of the partners composing the company, and by him to the plaintiff, it was insisted that the transfer to one of the makers operated in law as a payment or extinguishment of the note, and consequently that the latter could not transfer to the plaintiff any right of action: *Held,* that the case turned upon the question whether there was a payment in fact, or a purchase, and that it could not be adjudged a payment or extinguishment if it were not so intended at the time.

2. PARTNERSHIP—*partner may purchase obligations on his firm.* One partner may invest his private means in the purchase of partnership securities, and hold them as valid obligations; and the fact that such partner can not enforce such obligations against his firm in a court of law, for the reason that he can not be both plaintiff and defendant, is a difficulty affecting the remedy only, and not the right; and when he indorses such negotiable securities to a third person not subject to such exception, the difficulty, even as to the remedy, ceases, and such person may maintain an action on the same.

WRIT OF ERROR to the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

Mr. M. L. NEWELL, for the plaintiffs in error.

Messrs. BANGS & SHAW, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, to recover the amount of a promissory note dated November 4, 1868, made by H. R. Kipp, as president of the Consolidated Minonk Coal Mining Co., for the sum of $129.50, payable six months after its date, to Henry C. Dent or order, with ten per cent interest, and by him indorsed to John M. Davison, and by the latter to Jacob McChesney, the plaintiff in the court below, who there recovered judgment against the defendants, the makers of the note. The defendants bring the record here by writ of error. . The defendants, who were ten in number, and one of whom was the said John M. Davison, constituted a co-partnership at the time the note was made, under the name of the Consolidated Minonk Coal Mining Co.

The only question raised upon the record is as to the effect of the transaction between Dent, the payee and assignor of the note, and Davison, the assignee, the latter being one of the co-partners who made the note. It is contended, on the part of the plaintiffs in error, that the transaction was a payment of the note by Davison, one of the makers, or if not a payment, that, as Davison, when he acquired title to the note by assignment, could not have maintained a suit at law upon

462 KIPP *et al. v.* McCHESNEY. [Sept. T.

Opinion of the Court.

it against the makers, he being one of them, neither could he have transferred a right to sue upon it to his assignee, the plaintiff, and that the assignment of the note to Davison was, by operation of law, an extinguishment of it.

We think the case turns entirely upon whether there was a payment of the note by Davison, or a purchase of it by him. If he paid the note as one of the makers of it, it was an extinguishment of the note, and he could not afterwards put it in circulation. The testimony of both Dent and Davison is unequivocal that it was a purchase of the note by the latter, and not a payment.

Dent testifies that on the 5th of July, 1871, Davison came to him and inquired what interest he, Dent, had in the coal shaft. Dent said he had a note on the company and one-seventh interest in the shaft, and would sell him the note for $164 and give him the interest in the shaft; that Davison bought the note, gave him $164 for it, and Dent gave him a quit-claim deed for his interest in the coal shaft.

Davison testifies that he purchased the note of Dent, and gave him his individual note of $164 for it. Davison seems to have paid for the note with his individual means, and the unqualified indorsement in blank of the note by Dent favors the idea of a purchase. We perceive no satisfactory reason why such a transaction should be adjudged a payment if it were in reality otherwise, or why, by operation of law, it should work an extinguishment of the note if it was not so intended.

One co-partner may deal as an individual with his firm. He may invest his private means in the purchase of partnership securities, as well as any other description of securities, and we do not perceive why he should not be allowed to hold them as valid obligations, without their being accounted as paid or extinguished by his act of purchase of them.

We think the court below was warranted by the evidence in finding that there was a purchase of the note by Davison, and not a payment of it.

While the note remained in the hands of Davison, as assignee, he could not have enforced its payment by suit at law, for the reason that he could not have sued himself as maker. A party can not be both plaintiff and defendant in an action at law, and the other nine makers of the note were not liable without Davison.

But this is a difficulty attending the remedy only, not the right; and when the note is indorsed to one against whom there is no such objection, the difficulty ceases to exist, and such third person may maintain an action upon the note. *Heywood* v. *Wingate*, 14 N. H. 73; *Pitcher* v. *Barrows*, 17 Pick. 361; *Thayer* v. *Buffum*, 11 Metc. 398; *Davis* v. *Briggs*, 39 Maine, 304; *Smith* v. *Lusher*, 5 Cow. 688.

The judgment of the court below must be affirmed.

*Judgment affirmed.*