## John Funk v. Frank Kempton et al.

### Gen. No. 4,480.

1. STATUTE OF LIMITATIONS—*who may avail of defense of.* The de-
fense of the Statute of Limitations is personal and can only be availed
of by the party for whose use the statute inures, or the privies of such
party.

2. PREFERENCE—*when partner of deceased not entitled to.* A dor-
mant or secret partner is not entitled to a preference over the general
creditors of the estate of a deceased partner.

3. PARTNER—*status of, after death of copartner.* A dormant or
secret partner who has loaned money to his firm, stands with respect
to the estate of his deceased partner upon no better or worse footing
than the general creditors of the estate.

Funk v. Kempton.

Contest in court of probate. Appeal from the Circuit Court of Living-ston County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the April term, 1905. Affirmed in part, reversed in part and remanded with directions. Opinion filed October 25, 1905.

FOWLER BROS., for appellant.

FRED G. WHITE and A. C. NORTON, for appellees.

MR. PRESIDING JUSTICE VICKERS delivered the opinion of the court.

Parker S. Kempton was engaged in the manufacture of drain tile and brick at Budd, Illinois. He commenced business in February, 1892, and conducted the same until December, 1893, in the name of P. S. Kempton. In De-cember, 1893, appellant became a partner with P. S. Kemp-ton under a written contract, the provisions of which are not necessary to an understanding and decision of this case. In accordance with the agreement of the parties the busi-ness was continued in the same name and style as before, P. S. Kempton having exclusive control and management of the business. Appellant was a silent or dormant part-ner. The business continued until February, 1899, when P. S. Kempton died, no change having taken place in the relation of appellant and Kempton nor in the manner of conducting the business. After the death of Kempton ap-pellant as surviving partner filed an account of the partner-ship showing the status of the business between the partners from which it appeared that there was a balance due appel-lant on an accounting of $770. Numerous creditors of P. S. Kempton filed exceptions to this account which presented issues as to whether a partnership in fact existed, whether the alleged claim of appellant was not barred by the Statute of Limitations, and if not, whether it could have priority as respects the partnership assets, over the claims of other creditors of P. S. Kempton. A trial was had on these several issues before the Circuit Court where the cause was pending on appeal from the County Court. A preliminary hearing took place in the Circuit Court at the September term 1902, in which it was determined that a partnership

existed, and it was then ordered that appellant render an account of the partnership affairs, and the account to which the exceptions were filed seems to have been rendered in pursuance of this order. Upon the trial on the exceptions, which was had at the January term in 1904, the court sustained the exceptions to the account and it is from that judgment this appeal is prosecuted. The exceptions which were sustained relate to the Statute of Limitations, as applied to the claim of John Funk, and to the priority of said claim over the other debts of P. S. Kempton. In so far as the court held that the claim of appellant was barred by the Statute of Limitations there is error. Appellees are not in a position to raise that defense. Conceding the right of appellees to have their several claims paid out of the assets of which the deceased was the ostensible owner, still after their claims are satisfied in full there may be a residue to apply on appellant's claim. If so, it would then become a question between the administrator and appellant or the heirs and appellant to settle the question of the bar of the statute. The defense of the Statute of Limitations being a personal defense can only be made available by the person for whose use the statute inures, or of some one standing in his stead. Cartwright v. Cartwright, 68 Ill. App. 74; Fish v. Farwell, 160 Ill. 236.

While it is probably true that the judgment of the court that appellant's claim is barred by limitation in this proceeding, wherein the creditors of Kempton are parties plaintiff and appellant is defendant, could not be successfully set up in a plea of *res adjudicata* in any subsequent proceeding wherein the heirs or the personal representative of the deceased were parties, still to avoid any possible complications of this character the order holding appellant's claim to be barred by the Statute of Limitations will be reversed.

With respect to the other objection that the claim of appellant is not entitled to priority over the other creditors of the deceased partner, the holding of the Circuit Court is clearly proper. In no view of the case can appellant rightfully claim a preference over the exceptors. He was

properly held to be a dormant partner under the evidence. As such he could not come in with an alleged partnership claim in favor of himself and insist on its prior payment out of the assets which he had permitted the deceased to hold as apparent owner and on the faith of which credit had been extended to Kempton personally or to the firm. Upon discovering that appellant was a secret partner, the creditors had the right to elect to proceed against the estate of Kempton individually and insist that all the property of which he was the ostensible owner should be treated as individual assets for the payment of their claims, or they could have proceeded against the partnership. Story on Partnership (2nd ed.), sec. 393. Apparently the creditors have elected to proceed against Kempton's estate alone and in that event the estate is to be administered precisely as though no partnership existed. The situation of a dormant partner is similar to that of an undisclosed principal. No secret contract existing between the dormant partner and the active one or the agent and the undisclosed principal can give either any superior rights over the unsuspecting public who have been misled by the apparent ownership of the party with whom the dealing is made. Appellant, under the facts of this case, has no rights growing out of his relation as a dormant partner which can be set up to defeat, obstruct or hinder the *bona fide* creditors in the collection of their debts out of the property of which Kempton in his lifetime was the apparent owner. It does not follow, however, from these views, that appellant may not stand on an equal footing with appellees, with respect to all or some portion of his claim. If appellant loaned money to Kempton as an individual or to the partnership or became surety for him, and was afterwards compelled to pay the debt, or sold property to him or the firm, we perceive no reason why he would not and should not stand on an equality with appellees in the collection of his debt; while his relation as a dormant partner does not in any way render his position better with respect to any claim he may have, still we see no reason why it should render it worse. A partner may

loan money to the firm and take a note therefor and such note creates a valid obligation and places the partner on an equal footing with other simple contract creditors, similarly situated. Smith v. Lusher, 5 Cow. 688; Kipp v. McChesney, 66 Ill. 460; Gammon v. Huse, 9 App. 557.

The only difference in such case regards the remedy to be employed to enforce the obligation. In the case of a partner the remedy is in equity and not at law, for the reason he cannot be both plaintiff and defendant; he cannot sue himself. Kipp v. McChesney, *supra*. Any portion of a partner's claim against the firm which is based on his claim to dividends or profits, earnings or investment and all like claims, cannot be placed on an equal footing with creditors; but in cases where he loans money or sells property in good faith and for a valuable and adequate consideration there is no reason why he should not share with other creditors in a distribution of the assets of the firm. We have extended this discussion somewhat further than the points immediately involved required, in the hope that it may aid the parties in the final adjustment of possible differences that may arise in the further administration of this estate.

In so far as the order and judgment below determine that the claim of appellant is barred by the Statute of Limitations the same is reversed and set aside; in all other respects the judgment is affirmed. The cause will be remanded for further proceedings not inconsistent with the views herein expressed.

> *Affirmed in part, reversed in part, and remanded with directions.*