## JOHN FUNK

### *v.*

## FRANK KEMPTON *et al.*

*Opinion filed April 17, 1906.*

APPEALS AND ERRORS—*when judgment of Appellate Court is not appealable.* A judgment of the Appellate Court reversing a judgment of the lower court in some respects and affirming it in others, and remanding the cause "for further proceedings not inconsistent with the views expressed in the opinion filed herewith," is not a final, appealable judgment, where it appears from such opinion that something else must be done by the trial court than merely to carry the mandate into effect.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Livingston county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

The facts in this case are thus stated by the Appellate Court in its opinion deciding the case:

"Parker S. Kempton was engaged in the manufacture of drain tile and brick at Budd, Illinois. He commenced

business in February, 1892, and conducted the same until December, 1893, in the name of P. S. Kempton. In December, 1893, appellant became a partner with P. S. Kempton under a written contract, the provisions of which are not necessary to an understanding and decision of the case. In accordance with the agreement of the parties the business was continued in the name and style as before, P. S. Kempton having exclusive control and management of the business. Appellant was a silent or dormant partner. The business continued until February, 1899, when P. S. Kempton died, no change having taken place in the relation of appellant and Kempton, nor in the manner of conducting the business. After the death of Kempton appellant, as surviving partner, filed an account of the partnership, showing the status of the business between the partners, from which it appeared that there was a balance due appellant on an accounting of $770.00. Numerous creditors of P. S. Kempton filed exceptions to this account, which presented issues as to whether a partnership in fact existed, whether the alleged claim of appellant was not barred by the Statute of Limitations, and if not, whether it could have priority as respects the partnership assets, over the claims of other creditors of P. S. Kempton. A trial was had on these several issues before the circuit court, where the cause was pending on appeal from the county court. A preliminary hearing took place in the circuit court at the September term, 1902, in which it was determined that a partnership existed, and it was then ordered that appellant render an account of the partnership affairs, and the account to which the exceptions were filed seems to have been rendered in pursuance of this order. Upon the trial on the exceptions, which was had at the January term in 1904, the court sustained the exceptions to the account, and it is from that judgment this appeal is prosecuted."

The Appellate Court, upon consideration of the case on October 25, 1905, entered the following judgment, to-wit:

"Therefore, it is considered by the court that, for that error, and others in the record and proceedings aforesaid, the judgment, in so far as it determines that the claim of appellant is barred by the Statute of Limitations, be reversed, annulled, set aside and wholly for nothing esteemed, and in all other respects the judgment is affirmed. And that this cause be remanded for further proceedings not inconsistent with the views expressed in the opinion filed herewith."

The present appeal is prosecuted from the judgment so entered by the Appellate Court on October 25, 1905.

Afterwards, on November 9, 1905, the Appellate Court entered the following order, to-wit: "It is ordered by the court that, as the amount involved exceeds $1000.00 exclusive of costs, an appeal herein be and the same is hereby granted to the Supreme Court of the State of Illinois, on appellant filing herein a good and sufficient appeal bond, conditioned as provided by law," etc.

The judgment of the circuit court, from which the appeal was taken to the Appellate Court was as follows, to-wit: "This cause coming on for hearing upon the appeal of said John Funk herein, and the court having heard the evidence and the arguments of counsel, and being fully advised in the premises, doth find: That the first of the additional objections, filed by said objectors in the county court of Livingston county, Illinois, on the 22d day of October, 1901, and reads as follows: 'The claim of John Funk, of the alleged firm of Kempton & Funk is barred by the Statute of Limitations.' And the third of the additional objections filed by said objectors in said court on the 22d day of October, 1901, and reading as follows: 'The pretended claim of John Funk, of the alleged firm of Kempton & Funk, if valid at all, is not a preferred claim, and is not entitled to such a priority over other creditors as is sought by said proposed report to be given to it,' should be sustained. It is, therefore, ordered, adjudged and decreed by the court that said objections be and the same are hereby sustained, and that Lizzie F. Kemp-

ton and John Funk, as administrators of the estate of Parker S. Kempton, deceased, be and the same are hereby charged, as such administrators, with so much of the proceeds of the partnership property shown by the report of said John Funk as surviving partner of the firm of Funk & Kempton, and filed by him in the county court of Livingston county, Illinois, on the 2d day of October, 1901, as may be required for the payment of the claims and interest allowed against the estate of said Parker S. Kempton, by said county court in the usual course of administration, and that said administrators pay the same out of the said property in due course of administration, and make report thereof to the county court of Livingston county, Illinois, to which court this cause is now remanded for further proceedings consistent with this order."

FOWLER BROS., for appellant.

WHITE & TUESBURG, and A. C. NORTON, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

It is doubtful whether the amount involved in this appeal is sufficient to give this court jurisdiction in the case. As appears from the statement, made by the Appellate Court in their opinion, the amount of the claim allowed the appellant, Funk, in the circuit court, was only $770.00; although the Appellate Court on November 9, 1905, after the entry of their judgment on October 25, 1905, entered an order allowing an appeal, in which it recited that the amount involved exceeded $1000.00, exclusive of costs, yet there is nothing in the record to show upon what facts or figures this conclusion of the Appellate Court is based. As we read the record, the amount of $770.00, allowed to the appellant, Funk, by the circuit court could not have been allowed before March

10, 1903. Interest upon this amount, if it is allowable to count the interest in such a case, from that date up to October 25, 1905, when the judgment of the Appellate Court was rendered, would not be enough, when added to $770.00, to make $1000.00. It is questionable, therefore, whether the case is properly here, if it be considered with reference to the amount involved.

But if this consideration be left out of view, we are of the opinion that this appeal should be dismissed, because the judgment of the Appellate Court here appealed from was not a final judgment. The judgment of the Appellate Court of October 25, 1905, after reversing the judgment of the circuit court, in so far as it determines that the claim of appellant is barred by the Statute of Limitations, and after affirming such judgment in all other respects, orders as follows: "And that this cause be remanded for further proceedings not inconsistent with the views expressed in the opinion filed herewith."

As we have often said, a case under section 90 of the Practice act, can only be removed from the Appellate Court to the Supreme Court by appeal or writ of error, "if the judgment of the Appellate Court be that the order, judgment or decree of the court below be affirmed, or if final judgment or decree be rendered therein in the Appellate Court, or if the judgment, order or decree of the Appellate Court be such that no further proceedings can be had in the court below, except to carry into effect the mandate of the Appellate Court." (3 Starr & Curt. Ann. Stat.—2d ed.—p. 3153). The judgment of the Appellate Court in the case at bar shows that it fails to come in either of the three classes, specified in the statute. It does not affirm the judgment of the lower court, but partly affirms and partly reverses it. "Where the judgment of the circuit court is reversed and the cause remanded, no appeal lies from the Appellate Court to the Supreme Court, as such judgment is in no sense final. (*Buck* v. *County of Hamilton,* 99 Ill. 507). This is equally true

where the judgment of the circuit court is partly affirmed
and partly reversed by the Appellate Court. The statute has
not authorized an appeal or writ of error, where a decree is
affirmed in part and reversed in part.—*International Bank
v. Jenkins,* 109 Ill. 219." (*Gade* v. *Forest Glen Brick Co.*
158 Ill. 39).

It is manifest from the character of the judgment here
entered that, when the case is remanded to the circuit court,
something else is to be done than the mere execution of the
judgment or decree already entered, and, therefore, the judg-
ment of the Appellate Court is not final.

The judgment of the circuit court sustained the plea of
the Statute of Limitations to the claim of the appellant,
Funk, and, therefore, eliminated that claim from the action
to be taken under the judgment of the circuit court. That
judgment, after finding that Funk's claim was barred by the
Statute of Limitations, and that it was not a preferred claim,
and not entitled to priority over the other creditors, provided
that Lizzie F. Kempton and John Funk, as administrators
of the estate of Parker S. Kempton, deceased, should be
charged with so much of the proceeds of the partnership
property, shown by the report of John Funk as surviving
partner of the firm of Funk & Kempton, and filed by him in
the county court of Livingston county on the 2d day of Oc-
tober, 1901, as might be required for the payment of the
claims and interest allowed against the estate of Parker S.
Kempton by said county court in the usual course of admin-
istration, and that said administrators pay the same out of
said property in due course of administration, and make re-
port thereof to the county court of Livingston county, to
which the said cause was remanded for further proceedings
consistent with said order. The claims, required by the
judgment to be paid, were the claims of the other creditors
except Funk, because his claim, having been held to be barred
by the Statute of Limitations, was not to be considered in
the distribution of the proceeds. When, however, the case

goes back to the circuit court under the judgment of the Appellate Court, the claim of the appellant, Funk, must be considered in connection with the claims of all the other creditors in the distribution of the assets. If the assets are not sufficient to pay all the claims in full, then there must be a *pro rata* distribution of the amounts among the creditors. The case is sent back by the judgment of the circuit court to the county court for the payment of all said claims in due course of administration.

The judgment of the Appellate Court remands the cause for further proceedings not inconsistent with the views in the opinion filed therewith. When the opinion of the Appellate Court is examined, it further appears that its judgment is not final because of the action required to be taken by the trial court. In its opinion the Appellate Court says among other things: "In so far as the court held that the claim of appellant was barred by the Statute of Limitations there is error. Appellees are not in a position to raise that defense. Conceding the right of appellees to have their several claims paid out of the assets of which the deceased was the ostensible owner, still, after their claims are satisfied in full, there may be a residue to apply on appellant's claim. If so, it would then become a question between the administrator and appellant, or the heirs and appellant, to settle the question of the bar of the statute. The defense of the Statute of Limitations, being a personal defense, can only be made available by the person, for whose use the statute inures, or of someone standing in his stead."

We express no opinion as to the soundness of the views thus expressed by the Appellate Court, but merely quote the same for the purpose of showing that, in view of what is required to be done when the case is remanded to the trial court, the judgment of the Appellate Court cannot be regarded as a final judgment, from which an appeal can be taken to this court. The Appellate Court also holds in its opinion that appellant is a mere dormant partner, standing

on an equal footing with appellees "with respect to all or some portion of his claim." It is said by that court in its opinion: "If appellant loaned money to Kempton as an individual, or to the partnership, or became surety for him, and was afterwards compelled to pay the debt, or sold property to him or the firm, we perceive no reason why he would not and should not stand on an equality with appellees in the collection of his debt. While his relation as a dormant partner does not in any way render his position better with respect to any claim he may have, still we see no reason why it should render it worse.   *   *   *   In cases where he loans money or sells property in good faith and for a valuable and adequate consideration, there is no reason why he should not share with other creditors in a distribution of the assets of the firm." There is evidence in the record, showing that the appellant was surety upon certain individual notes of the deceased Kempton, and paid the same as such surety by his own check, upon the theory that Funk was a dormant partner, and he would have a right to receive his *pro rata* share on obligations that he was compelled to pay as surety for Kempton after the latter's death. (*Mack* v. *Woodruff,* 87 Ill. 570).

Without in any way indorsing the decision of the Appellate Court in this case as being correct, we have referred to and quoted from the same merely for the purpose of showing that the judgment of the Appellate Court was not a final judgment.

For the reasons above stated, we are of the opinion that the present appeal should be, and the same is hereby dismissed.               *Appeal dismissed.*