Estate of P. S. Kempton, Appellee, v. John Funk, Appellant.

Gen. No. 4,938.

1. Propositions of law—*what not presentation of.* It is not a presentation of propositions of law, within the meaning of the statute, to offer in evidence the bill of exceptions showing the propositions of law which were passed upon at a previous hearing of the cause.

2. Propositions of law—*when statute with regard to, has no application.* The statute providing for the presentation of propositions of law applies only to those cases where the parties are entitled to a trial by jury and waive such right.

3. Res judicata—*when former judgment is.* The judgment of the Appellate Court in one appeal of a cause is *res judicata* in a subsequent appeal of all questions decided upon the first appeal.

Contested claim in court of probate. Appeal from the Circuit Court of Livingston County; the Hon. Thomas M. Harris, Judge, presiding. Heard in this court at the October term, 1907. Affirmed in part and reversed in part. Opinion filed March 11, 1908.

Chase Fowler, for appellant.

White & Tuesburg and A. C. Norton, for appellee.

Mr. Presiding Justice Willis delivered the opinion of the court.

This case was decided by this court, and the opinion rendered therein is entitled Funk v. Kempton, 123 Ill. App.,

100, where the judgment of the Circuit Court was affirmed, except in so far as it held that a certain claim of Funk against the estate of Kempton was barred by the Statute of Limitations. This court granted an appeal to the Supreme Court, which appeal was dismissed by that court, Funk v. Kempton, 221 Ill., 436. Thereafter, the case was redocketed in the Circuit Court of Livingston county, and another trial had. The case was an appeal from a judgment of the County Court in relation to certain matters of account between appellant Funk as the surviving partner of a firm and the individual creditors of the deceased partner. The facts are stated in detail in our former opinion, Funk v. Kempton, *supra*. On the last trial in the Circuit Court, appellant offered in evidence the bill of exceptions appearing in the record of the former trial, which included a number of propositions of law, some of which were "refused" and others "held," and here assigns as error the rulings of the trial court upon these propositions of law, as if they had been offered at the last trial of the case and had been so acted upon by the court conducting that trial. The record discloses that at the last trial no propositions of law were offered and none either held or refused. Offering in evidence the bill of exceptions of the former trial, which included the propositions of law and the action of the court thereon at the first trial, was not presenting those propositions for the ruling or decision of the court at the last trial, nor did the offering of these propositions and the former rulings raise any question for our consideration on this appeal. Moreover, there was no obligation on the court below to pass on propositions of law. Section 41 of the Practice Act, which is the only warrant for the submission of propositions of law, provides that in all cases where both parties agree that both matters of law and fact may be tried by the court, either party may submit propositions of law. The section only applies to those cases where the parties are entitled to a trial by jury, which right they may waive and submit propositions to the court. The People v. C. B. & Q. R. R. Co., 231 Ill., 112. It is indispensable that the parties should agree to a trial of

Kempton v. Funk.

the cause by the court without a jury to enable the court to proceed under that section. Hermann v. Partridge, 79 Ill., 471. It does not govern any case which is to be tried by the court without the intervention of a jury in the absence of agreement or consent of parties. Martin v. Martin, 170 Ill., 18; Clifford v. Gridley, 113 Ill. App., 164. The parties were not entitled to a trial by jury in this case.

At the last trial appellant offered an alleged report of the partnership affairs which had been rejected by the court at the former hearing, and which action of the court in rejecting such report we had approved in our former decision. The court again refused to accept and approve it, and ordered appellant to file a report in accordance with the former opinion of this court. Appellant thereafter did file a report appearing in the record, in which he stated that it was a report of the partnership accounts and in compliance with the ruling of the Appellate Court. He therein protested against being required to state and submit such an account; nevertheless he conceded by the express language of the report so filed, that the report was in accordance with the terms of our former decision. The report so filed by appellant under protest the trial court approved, except in one particular. It required appellant to charge himself with interest at the rate of 5 per cent per annum on the balance in his hands, from March 11, 1903, to April 16, 1907. We reverse the charge for said interest for the reasons stated by us in our opinion filed this day in No. 4949, Kempton et al. v. People, *Post*, p. 563.

The argument of appellant here is mostly devoted to undertaking to show that our former decision was incorrect. We consider that question settled in this court by our former decision.

The judgment of the lower court is therefore reversed as to the charge for interest against appellant, and is in all other respects affirmed.

*Affirmed in part and reversed in part.*