JOHN FUNK, Appellant, *vs.* FRANK KEMPTON *et al.* Appellees.

*Opinion filed June 18, 1908.*

APPEALS AND ERRORS—*when appeal must be dismissed.* In the absence of a certificate of importance, an appeal from the Appellate Court to the Supreme Court in an action *ex contractu* must be dismissed, where neither party could gain or lose as much as $1000, exclusive of costs, by reason of any judgment which the Supreme Court might enter upon the questions to be determined by it.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Livingston county; the Hon. T. M. HARRIS, Judge, presiding.

CHASE FOWLER, for appellant.

WHITE & TUESBERG, and A. C. NORTON, for appellees.

Mr. CHIEF JUSTICE. CARTWRIGHT delivered the opinion of the court:

The nature of this case and the subject of the controversy between the parties were explained when a former appeal from a judgment of the Appellate Court for the Second District was dismissed. (*Funk* v. *Kempton,* 221 Ill. 436.) That court, in allowing the appeal, had recited that the amount involved exceeded $1000 exclusive of costs, but we were unable to find facts or figures in the record supporting that recital. It was stated in the opinion that the amount of appellant's claim was only $770, and even if it were allowable to add interest, the amount involved would still be less than $1000. It was clear, however, that the judgment of the Appellate Court was not final or appealable and the dismissal was therefore placed upon that ground. The cause was re-instated in the circuit court of Livingston county, and that court ordered appellant to file a report in accordance with the opinion of the Appellate Court. He filed such a report under protest, and the court approved it, except that the appellant was required to make an additional charge against himself of interest at five per cent on $3613.69, the balance of partnership assets, from March 11, 1903, to April 16, 1907, amounting to $739.78. From the final judgment of the circuit court appellant removed the cause a second time by appeal to the Appellate Court for the Second District, where the judgment was reversed as to the charge for interest and was affirmed in all other respects. Appellant prayed for and was allowed this appeal from the judgment of the Appellate Court.

The appellant was successful in the Appellate Court in obtaining a reversal of the judgment of the circuit court so far as the charge for interest was concerned, and the

only question involved in this appeal is whether he has a right to payment of his claim of $770 in preference to general creditors. He was the surviving partner of a firm consisting of the late Parker S. Kempton and himself, which did business under the name and style of Parker S. Kempton. As such surviving partner he filed his account of the partnership affairs in the county court in the estate of the said Parker S. Kempton, which was there being administered. That account showed a balance of $770 due appellant from the partnership upon an accounting between the partners. The appellees, a number of persons whose claims against the estate of Parker S. Kempton had been allowed by the county court, aggregating $1695.50 principal with accrued interest, did not question the correctness of the account nor dispute that the amount was due appellant on a settlement of the partnership affairs, but they alleged that appellant was a dormant or secret partner and objected to a deduction by him of the amount due him. Their claim was that he ought to be postponed to other creditors and that they should first be paid in full. The judgment from which this appeal was taken affirmed the judgment of the circuit court, which gave to the general creditors priority over the claim of $770 due to appellant, and the only question is whether that judgment was correct. No cross-errors are assigned respecting the interest, and neither party can gain or lose $1000 by any judgment that could be entered in this court. If the assets are sufficient to pay all the claims, including that of appellant,— and so far as appears from the abstract of the record such is the fact,—appellant will lose nothing. If they are not sufficient, he can in no event lose more than his claim.

The sum or value in controversy does not exceed $1000 exclusive of costs, and as no appeal is allowed by the statute in such a case the appeal is dismissed.

*Appeal dismissed.*