## Deborah Taylor, Appellee, v. Albert C. Taylor, Administrator, Appellant.

### Gen. No. 5259.

ADMINISTRATION OF ESTATES—*when letters properly revoked.* If it appears that an administrator has wasted or mismanaged the estate, a revocation of his letters is proper.

Petition to revoke letters of administration. Appeal from the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term; 1909. Affirmed. Opinion filed March 11, 1910.

SEARLE & MARSHALL and MORSE & DEMERATH, for appellant.

JAMES H. ANDREWS and THOMAS J. WELCH, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

John H. Taylor died intestate in Henry county, Illinois, on June 4, 1898, leaving Deborah Taylor, his widow, and Mary E. Glyde, Albert C. Taylor, Frank Taylor and James G. Taylor, his children and sole heirs at law, surviving him. Upon the petition of the widow, Albert C. Taylor was appointed administrator of the estate on June 21, 1898. The estate consisted of 100 acres of land in Iowa, 560 acres and some town lots in the township of Wethersfield and the adjoining township of Galva, in Henry county, with personal assets amounting to $27,800, all of which were good except one note for $350. Of the notes, $10,400 were notes against the son, Frank, and his wife Edna. The real estate was inventoried by the administrator as worth $34,125. The administrator in April, 1900, filed a report in the estate which was approved showing that he had received $13,774.84 and paid out $13,291.63 leaving a balance of $482.84 cash in his

hands. No further report was filed in the estate until April, 1906, when on the complaint of Deborah Taylor the administrator was cited into court to show cause why he should not file a final report. He then filed a second report showing receipts since the former report of $4,385.84, which included the cash on hand at the filing of the first report, and the payment of $4,578.66 of which sum $229.22 was interest on a note held by Charity Bowler for $796.26 which was paid July 25, 1903. He also reported in the second report that all the notes of Frank Taylor and Edna Taylor were sued in the Circuit Court and judgment taken against Edna Taylor, who had been served with summons, and that judgment in attachment had been rendered against the interest of Frank in the land of the estate. This report was approved November 28, 1906.

No further report was filed until February, 1908, when a third report was filed showing the receipt of $1,704.76, the payment of $1,789.19 and that there was a balance due the administrator of $84.33.

This report in the statement of the receipts contains the statement: ''The following items were unintentionally omitted from the last report and are here included.

| | | |
|---|---|---:|
| 1900 Mar. 23, | To cash of Garrett Brown excr of Simon Bennett | $ 100.00 |
| Dec. 10, | To cash of Garrett Brown excr of Simon Bennett | 49.00 |
| 1903 Feb. 4. | To cash of Ben Glyde on note | 800. |
| Feb. 4. | To cash of Ben Glyde, Int on note | 257.45 |
| 1905 May 4. | To cash of James G. Taylor on notes | 221.08 |
| May 4. | To cash of James G. Taylor, Int. on notes | 91.08 |

1519.48''

This report also states that the notes of Frank

Taylor are now in litigation and that the notes of Edna Taylor are not collectible.

The only items actually received since the filing of the report in 1906, are $144.62 collected of Charles Green on note September 20, 1906, and $46.66 collected of Green September 20, 1907. The only payments made by the administrator as shown by the account are $312.22 paid James G. Taylor, heir, on May 4, 1905, and $1134, paid claim of First National Bank of Kewanee, January 19, 1907, together with $150 paid to the attorney of the administrator. No charges for commissions or attorneys' fees appear elsewhere in any of the accounts. In April, 1908, on the petition of Deborah Taylor a citation was issued against the administrator to show cause why he should not be removed. The administrator appeared in answer to the citation, and on a hearing, the County Court entered an order revoking letters of administration issued to Albert C. Taylor. The administrator appealed to the Circuit Court, where on a trial an order was entered finding that Albert C. Taylor as administrator had wasted the assets and mismanaged the estate; that the waste was committed in allowing $334 interest to accrue on the claim of the First National Bank of Kewanee; in allowing the claim of one Charity Bowler to remain unpaid for a long time and interest to accrue thereon to the amount of $229.22 and paying such interest out of the estate, when the said claims might have been paid years prior thereto out of the estate; that the estate was mismanaged in allowing the notes of Frank Taylor to remain uncollected for ten years when they were due and collectible four years after the appointment of the administrator; that the administrator mismanaged the estate in various other ways which are set out in the order, and an order was made revoking the letters of administration to Albert C. Taylor. The administrator prosecutes this appeal from that order.

The record shows that the administrator paid $334

interest on the claim of the First National Bank of Kewanee, which was allowed to accumulate until he paid the claim in 1907; that if the administrator had reported the moneys he collected from Garrett Brown in 1900 and Ben Glyde in February, 1903, which he failed to mention in his second report filed in 1906, his account would have shown money enough to have paid the bank claim years before it was paid.

Appellant paid $229.22 interest on the Bowler claim in July, 1903, and says: "I paid the interest on that note all the time; I didn't pay it before, because she didn't want it, that is the only reason." The reason given is no justification for an administrator permitting interest to accumulate against an estate.

The evidence of appellee shows that in 1903, the administrator brought suit on the notes against Frank Taylor and his wife. A judgment was rendered against Frank and his wife, Edna, on a note for $3,800 on a cognovit. A judgment was also rendered against Edna for $450 and a judgment by attachment was rendered against Frank Taylor on the remaining notes held against him by the estate. Executions were issued on these judgments, but were not enforced. The administrator testifies that the mother insisted he should not sell Frank's land. The mother denies that she was consulted in the matter. In December, 1903, the administrator went to San Francisco to see his brother Frank and then claims to have bought out "all of Frank's interest in the estate and paid him $500 and took a deed from Frank and agreed to pay all that Frank and his wife owed the estate." In 1905 Frank returned to Henry county and, finding the administrator had not paid the claims of the estate against himself and his wife in the spring of 1906, filed a bill against the administrator to set aside the deed made by Frank to his brother Albert, the administrator. In 1904, and 1905, the administrator also bought out his sister's interest in the estate and conveyed to her the Iowa land. He also bought out the

interest of his brother James, and claims that no person but his mother and himself are now interested in the estate, but that he cannot pay the claims against Frank and his wife until the litigation between them is settled. That is no reason why his mother should not have her share of the estate. Deborah Taylor was sued on a note of about $400 that John H. Taylor had given on which she was surety. This the administrator paid and charged up to his mother although as he says no person but his mother and he are interested in the estate. This administrator would appear to have refrained from filing accounts annually as required by statute for the purpose of keeping the parties entitled to know its condition, in ignorance of the situation. Over two years after he had bought out Frank's interest and received a deed, the consideration of which was that he should pay the indebtedness of his brother Frank and his wife, Edna, to the estate, he made a report that does not disclose the fact that he had assumed Frank's and his wife's indebtedness, but only states he had brought suit on the notes. Immediately after the settlement with Frank he should have made a report and charged himself up with what they owed as collected by him and paid to his mother her portion. Appellant, who is a merchant of Kewanee, has lost the only book of account in which he kept the accounts of the estate, so that he is unable to give the details of his management of the estate, except that he claims to have made a copy of the account kept with his mother.

The statute provides for the revocation of letters of administration where the administrator wastes or mismanages the estate. The appellant allowed interest to accumulate on the claim of the First National Bank of Kewanee for several years when it should have been paid, and mismanaged the estate by failing to pay the debts of his brother Frank that he had assumed and agreed to pay in 1903, or if he did not assume and agree to pay them, by failing to collect them from the land that descended to his brother. The trial court

properly revoked the letters of administration issued to appellant.

The order is affirmed.

*'Affirmed.*