**Estate of Parker S. Kempton, deceased, Appellee, v. John Funk et al., Appellants.**

**Gen. No. 5380.**

1. ADMINISTRATION OF ESTATES—*when administrators properly removed.* If administrators in obtaining their appointment have misrepresented or suppressed facts and have during their administration wasted the trust property, a removal predicated upon such grounds is proper and will be sustained on review.

2. APPEALS AND ERRORS—*when assignments of error waived.* Assignments of error urged but not argued are deemed to have been waived.

Petition to revoke letters of administration. Appeal from the Circuit Court of Livingston county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed October 18, 1910. Rehearing denied November 18, 1910. *Certiorari* denied by Supreme Court (making opinion final).

CHASE FOWLER, for appellant.

WHITE & TUESBURG, and NORTON & ORTMAN, for appellee; B. R. THOMPSON, guardian *ad litem.*

MR. JUSTICE THOMPSON delivered the opinion of the court.

Parker S. Kempton died February 27, 1899, intestate, in Livingston county, leaving a widow and two minor children. .On March 15, 1899, his widow, Lizzie Kempton, petitioned the County Court for letters of administration, and letters were granted to her. On April 11, 1899, the widow filed a petition showing to the court that she was unable to perform the duties of administrator alone and asking that her father, John Funk, be appointed co-administrator with her, and letters of administration were thereupon issued to John Funk. Thereafter much litigation resulted in the estate, the history of which may be found in Funk v. Kempton, 123 Ill. App. 100; Funk v. Kempton, 221 Ill. 436; Kempton v. Funk, 139 Ill. App. 387; Kempton v. People, 139 Ill. App. 563; Funk v. Kempton, 235 Ill. 280; Funk v. People, 157 Ill. App. 614, and the present case, which is an appeal from an order made by the Circuit Court removing said administrators, made on an appeal by the administrators from an order of the County Court removing them.

Kempton had been in the business of manufacturing tile. After John Funk had been appointed co-administrator to assist his daughter, Mrs. Kempton, Funk disclosed to the court and to the creditors of Kempton

that he claimed that he was a silent partner of Kempton in the tile business and that the partnership was heavily indebted to him. His claims were such as would have absorbed the entire partnership estate leaving nothing from the business to pay the creditors of Kempton. The interest of Funk was adverse to the estate of Kempton, and the administrators have contended in the interest of Funk against paying anything to the creditors of the estate during the eleven years that have expired since the death of Kempton, as is evidenced by the cases cited above and the records in such cases. The administrators have persistently refused to defend against the claims of John Funk wherein he claimed that notes of Parker Kempton signed by Funk with him given in the matter of the partnership, were the individual notes of Kempton and that he, Funk, was only a surety. Funk took possession of the books of the partnership which was conducted in the name of Parker Kempton and kept them from the knowledge and examination of the creditors of Kempton, who dealt with Kempton not knowing it was a partnership business. The administrators declined to plead the statute of limitations against the claims of Funk, but have endeavored to prefer Funk's claims over the claims of creditors, by insisting that Funk could appropriate the partnership assets to pay his demands, and that the creditors of Funk must look to the individual assets of Kempton, although they had been wholly exhausted by the preferred claims; and nothing has yet been paid on any of the claims of seventh class creditors.

Section 26 of the administration act provides that the County Court shall revoke letters of administration, when the same are granted upon any false pretense whatever, and section 30 provides that the court may revoke letters of administration when the same were granted to persons who mismanage the estate and who conduct themselves in such manner as to endanger co-administrators or their sureties.

The trial court on the hearing found specifically that the administrators had concealed from the court the fact that Funk was a silent partner, and that he should not have been appointed for that reason (Heward v. Slagle, 52 Ill. 336), that the administrators have wasted and mismanaged the estate, reciting the specific facts wherein the estate was wasted and mismanaged; that the incapacity of Lizzie Kempton which existed when she petitioned for the appointment of a co-administrator still exists; that her acts have been subservient to the wishes of Funk, and that she was a party to all the acts of Funk. The findings comply with the requirements of the statute (Taylor v. Taylor, 154 Ill. App. 258), and are supported by the evidence.

We approve the order of removal, and the judgment is affirmed.

*Affirmed.*

Per Curiam. On petition for a rehearing appellants complain that we failed to pass upon an assignment of error questioning the appointment of a guardian *ad litem* for certain minors and the allowance of a fee to such guardian. This assignment was not discussed nor even mentioned in the brief and argument filed by appellant. It was therefore waived.