## A. L. Hoblit, Plaintiff in Error, v. Lula Sandmeyer et al., Defendants in Error.

ADMINISTRATION OF ESTATES—*when allowance of claim proper.* *Held,* that the probate court in the allowance of claims against an estate is not governed by the technical rules of the common law and that where equitable relief is required the court will adopt equitable terms of procedure. *Held,* further, that it appearing that the claimant was equitably entitled to the amount claimed, that it was proper for the probate court to allow his claim against the estate of the deceased debtor.

Contested claim in court of probate. Appeal from the Circuit Court of Logan county; the HON. T. M. HARRIS, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed December 13, 1911. *Certiorari* denied by ·Supreme Court (making opinion final).

BLINN & COVEY and C. EVERETT SMITH, for plaintiff in error.

BEACH & TRAPP and KING & MILLER, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

A. L. Hoblit in June, 1909, presented a claim in the probate court of Logan county against the estate of Frank Frorer, deceased. The claim was allowed in April, 1910, for the sum of $10,776.17. The executors appealed to the circuit court where, on a trial before a jury, the court at the close of the evidence for the

claimant instructed a verdict in favor of the estate, on which judgment was rendered. The claimant prosecutes this writ of error to review that judgment.

The claim is based upon an instrument in the following language:

"$10,000.                    Lincoln, Ill., Oct. 8, 1907.

Six months after date, I promise to pay to the order of Frank Frorer at the First National Bank of Lincoln, Illinois, at its office Ten Thousand Dollars.

Value received, with interest at six per cent per annum from date, and seven per cent per annum after due, interest payable semi-annually, and if judgment be confessed under the following power of attorney, * * *.

Witness our hands and seals this 8th day of Oct. 1907.

$$\qquad\qquad$$ Chas. A. Fisher & Co.    (L. S.)

$$\qquad\qquad$$ Chas. A. Fisher.,    (L. S.)

Bonds 1 to 10.—"

It is endorsed: "Without recourse—

$$\quad$$ The First Nat'l Bank of Lincoln, Ill.,

$$\qquad$$ By Frank Hoblit, Cashier,

Without recourse on us Pay to A. L. Hoblit or order.

J. W. Hoblit,

Samuel Sparks, Trustees."

The defendant estate filed verified pleas denying both the execution and the assignment of the instrument by Frank Frorer.

The evidence shows that at the date of the instrument and for several years prior thereto, Frank Frorer was president, Frank Hoblit was cashier and they both were directors of the First National Bank of Lincoln, Illinois; that Frank Frorer was a member of a partnership known as "Chas. A. Fisher & Co.," of which firm Charles A. Fisher was also a partner, and Frank Frorer and Frank Hoblit were interested as stockholders in a corporation known as the "Great Northern Excelsior Company." Both the Chas. A. Fisher & Co. and the Excelsior Company were heavy borrowers

from the bank of which Frorer and Hoblit were officers. In November, 1906, Frank Frorer and Frank Hoblit discounted a note for $25,000 due in six months at the National Bank of Commerce of St. Louis through the First National Bank of Lincoln. The National Bank of Commerce of St. Louis placed the amount borrowed to the credit of the First National Bank of Lincoln, and the First National Bank of Lincoln placed the amount borrowed to the credit of "Frorer and Hoblit." The sum of $25,000 so borrowed was checked out in the payment of various notes discounted at the National Bank of Lincoln principally by Chas. A. Fisher & Co. and the Excelsior Company. The note at the St. Louis Bank was renewed in May, and again in November, 1907, the last renewal becoming due on March 13, 1908. On March 13, 1908, Frorer and Hoblit executed a new note for $15,000 to the National Bank of Commerce, and that bank charged the balance due on the $25,000 note to the First National Bank of Lincoln. Prior to March, 1908, the Chas. A. Fisher & Co. partnership had become incorporated as the Chas. A. Fisher Co. Frank Frorer died June 8, 1908. Frank Hoblit continued to be cashier of the Lincoln Bank until July 8, 1909. The claimant contends that Frank Frorer in March, 1908, executed and delivered the note on which this claim is based to the First National Bank of Lincoln in payment of the balance of $10,000 due it on the note to the St. Louis Bank, which had been by that bank charged up to the Lincoln Bank and that he, claimant, bought the note after maturity. The contentions of the defendant are, (1) that the note was never delivered by Frorer to the Lincoln Bank, and (2) that even if it was delivered, that the note being made by a partnership in favor of a partner is invalid until endorsed by the payee.

The claimant has assigned error on the ruling of the court on the admission and rejection of evidence but has not made any argument concerning such assign-

ment nor pointed out in what if any the errors consist.

There is some evidence tending to show that the note was delivered to the bank by Frorer in his lifetime. If that question was decisive of claimant's right of recovery in the case then it should have been submitted to the jury.

The error assigned which is argued is that the court erred in directing a verdict for the estate, and that under the evidence a verdict and judgment should have been rendered against the defendant. If either contention of defendant is tenable then it will be unnecessary to discuss the other.

Upon the contention of the defendant that even if the note was delivered by Frorer to the bank, yet the note being made by a partnership, payable to the order of one of the partners, cannot be the basis of a valid claim in the hands of a third party until it has been endorsed by the payee, the defendant insists that it is analogous to a note made by a person payable to his' own order, which is an incomplete instrument until transferred by endorsement. Section 183 of the Negotiable Instruments Act, provides: "Where a note is drawn to the maker's own order it is not complete until endorsed by him." If the note had been made by Frorer alone payable to his own order then it would not be a claim against the estate of Frorer without his endorsement. A partner cannot sue a partnership at law on a note made to him by the partnership, but when he endorses such instrument to a third party the endorsee may maintain an action on it at law. Kipp v. McChesney, 66 Ill. 460. Section 49 of the Negotiable Instruments Act, provides: that "Where the holder of an instrument payable to his order transfers it for value without endorsing it, the transferrer vests in the transferees such title as the transferrer had therein, and the transferee acquires in addition the right to enforce the instrument against one who signs

for the accommodation of the transferrer and the right to have the endorsement of the transferrer if omitted by accident or mistake.'' There is no evidence or anything tending to prove that Frorer by mistake or accident neglected to endorse the instrument. While the instrument was not complete as a negotiable instrument in the hands of Frorer without his endorsement yet it was not a nullity. It was an instrument good in equity against the Chas. A. Fisher & Co. partnership and Chas. A. Fisher for whatever, if anything, Frorer was entitled to collect from the partnership when the note matured. A probate court in the allowance of claims against an estate is not governed by the technical rules of common law, but where equitable relief is required the court will adopt equitable forms of procedure. Thompson v. Black, 200 Ill. 465. The directors of the bank were required by the bank examiner to make good this obligation which it is contended was taken by the bank in payment of the $10,-000 Frorer owed the bank.

If Frorer transferred to the bank the obligation to himself of Fisher and of the partnership, of which he was a member, in payment of a sum Frorer owed the bank, we see no reason why in a court where equitable principles prevail, the bank or its transferee is not entitled to recover of the partnership or Fisher whatever, if anything, Frorer might in equity recover from the partnership or Fisher, but that alone would not entitle the bank to recover from Frorer. Frorer even in equity would not be made to do the useless thing of paying to himself. The note so far as Frorer is concerned could only be collected from the assets of the partnership or possibly from Fisher, the co-partner. The bank and its transferee stand in the place of Frorer. If Frorer had endorsed or guaranteed the note he would be liable on such guarantee or endorsement. If Frorer had received from the partnership or Fisher anything on this note then in equity the bank

or its transferee might collect from Frorer's estate whatever Frorer received, as money received by Frorer for the use of the bank, but there is no proof that Frorer received anything after the making of the note. To find that Frorer's estate was liable on this note, made by the partnership payable to his order, would be equivalent to holding that a maker of a note payable to his own order is liable on it to a transferee without his endorsement. The claim is not for what, if anything, Frorer owed the bank but is for the alleged promise in the note. We therefore hold that the court properly directed a verdict for the defendant and the judgment is affirmed.

*Affirmed.*

MR. JUSTICE PUTERBAUGH took no part in the decision of this case.